Redevelopment Authority of the City of Wilkes-Barre, Appellant *v.* Abe Seeherman and Stephen L. Seeherman, Trustees under the Last Will and Testament of Isaac Engel, Appellees.

Argued October 6, 1980, before Judges Mencer, Rogers and Palladino, sitting as a panel of three.

*Hugh F. Mundy*, with him *Donald D. McFadden*, of *Flanagan, Doran, Biscontini & Shaffer*, for appellant.

*Jerome L. Cohen*, for appellees.

Opinion by Judge Mencer, December 12, 1980:

The Redevelopment Authority of the City of Wilkes-Barre (Authority) has appealed from an order of the Court of Common Pleas of Luzerne County which sustained the preliminary objections of Abe Seeherman and Stephen L. Seeherman (appellees) to a declaration of taking filed by the Authority on October 19, 1976. We affirm.

The facts in this case are undisputed. The property in question is located in the City of Wilkes-Barre between South Franklin Street and Sambourne Street. Prior to August 14, 1974, this tract was bisected by a private easement which connected South Franklin and Sambourne Streets and which was owned in trust by the appellees. In 1973, the Authority was considering the condemnation of the entire tract for redevelop-

ment purposes. On March 6, 1973, the appellees informed the Authority of their interest in the tract.

On August 14, 1974, without notice to the appellees, the Authority filed a declaration of taking with respect to the entire tract, pursuant to the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq. The owners of the servient estate conveyed their interests to the Authority by deeds dated August 14, 1974 and August 6, 1975 and, as a result, no board of view was appointed. However, at no time did the appellees convey any interest to the Authority.

On September 20, 1976, the Authority conveyed to a private developer (D & D Motors) the portion of the tract fronting on Sambourne Street, having a depth of 89 feet, *"subject to existing reservations, easements, restrictions, conditions, etc."* (Emphasis added.) On October 19, 1976, after extensive negotiations over a period of at least two months, the Authority filed a second declaration of taking to condemn the easement interests of the appellees in the tract sold to D & D Motors. The appellees filed preliminary objections, contending that the taking was improper because it was intended to promote private rather than public purposes. The court below sustained the preliminary objections, and this appeal followed.

The parties to this appeal would have us decide whether the 1974 condemnation of the servient estate without notice to the easement holder resulted in the extinguishment of the easement. The decision of the Supreme Court in *Curtis v. Redevelopment Authority,* 482 Pa. 58, 393 A.2d 377 (1978), would support the view that the easement was terminated in 1974, but *Curtis* may be distinguishable because there were no notice requirements in the statute which applied to that case. *Id.* at 63, 393 A.2d at 379. In the 1974 con-

demnation action, notice was expressly required by Section 405 of the Eminent Domain Code, 26 P.S. §1-405. We need not decide this issue in order to dispose of the instant controversy.

We agree with the court below that the controlling issue in this case is whether the Authority could properly issue a declaration of taking to condemn the easement rights of the appellees in 1976 *after* the servient estate had been sold by the Authority to a private developer. We hold that it could not, regardless of whether or not the easement was extinguished in 1974. If *Curtis* is still applicable and the easement was extinguished in 1974, then there was nothing left to condemn in 1976. But if *Curtis* is not applicable, then the 1976 declaration of taking was invalid because there was no valid public purpose to be served by condemnation of the easement. In either case, the preliminary objections to the 1976 declaration were properly sustained.

In *Belovsky v. Redevelopment Authority*, 357 Pa. 329, 54 A.2d 277 (1947), the Supreme Court recognized that it is proper for redevelopment authorities to condemn property in order to eliminate and rehabilitate blighted sections of municipalities. The public purposes to be served by such condemnation are extensively spelled out in Section 2 of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1702. We have no doubt that there would also be a proper public purpose in eliminating easement rights ancillary to the condemnation of the servient estate in order to remove clouds from the title to the property and thus facilitate the rehabilitation of blighted areas and subsequent sale of the property to private developers. But, in this case, we do not comprehend how the preexisting easement of the appellees, by itself, could constitute "blight." It is also apparent that the condemnation of this easement

in 1976 could not have been ancillary to the condemnation of the servient estate when the servient estate had already been sold to a private developer "subject to existing reservations, easements, restrictions, conditions, etc."

The only conveivable purpose of the 1976 declaration of taking would be to serve the private interests of D & D Motors. When it purchased the property in September 1976, D & D Motors knew, or should have known, of the potential cloud on the title to the property. No other conclusion can be drawn from the language of the deed and the evidence of ongoing negotiations with the appellees. There is no valid public purpose to be served by allowing the Authority to use the power of eminent domain to free D & D Motors from this risk which it voluntarily assumed.

Order affirmed.

ORDER

AND Now, this 12th day of December, 1980, the order of the Court of Common Pleas of Luzerne County, sustaining the preliminary objections of Abe Seeherman and Stephen L. Seeherman to the October 19, 1976 declaration of taking of the Redevelopment Authority of the City of Wilkes-Barre, is hereby affirmed.

Judge ROGERS dissents.